BLANK ROME LLP
Attorneys for Defendant Appellant
MORAN TOWING CORP.
The Chrysler Building
405 Lexington Ave
New York, New York 10174-0208
(212) 885-5148
Jeremy J.O. Harwood (JH-9012)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETHLEHEM STEEL CORPORATION, *et al.*,<br><br>         Debtors,<br>-----------------------------------------------------------<br>BETHLEHEM STEEL CORPORATION, *et al.*,<br><br>         Plaintiff,<br><br>      v.<br><br>MORAN TOWING CORP.,<br><br>         Defendant. | Chapter 11 Case No.<br>01-15288 (BRL) 01-15302,<br>01-15308 through 01-15315 (BRL)<br>(Jointly Administered)<br><br>Adversary Proceeding<br>No. 03-92333 (MG) |

### DESIGNATION OF DOCUMENTS AND ISSUES ON APPEAL

   Appellant, MORAN TOWING CORP. ("Appellant"), hereby designates, pursuant to Bankruptcy Rule 8006, the following issues and items to be included in the record on appeal:

## CASE FILE

| | | | |
|---|---|---|---|
| D.1 | 10/14/2003 | 1 | Complaint |
| D.2 | 4/06/2004 | 4 | Answer to Complaint |
| D.3 | 5/21/2008 | 27 | Motion to Compel Arbitration and for a Stay; Affidavit of Jeremy J.O. Harwood in Support of Motion to Compel Arbitration and for a Stay |
| D.5 | 6/13/2008 | 28 | Opposition of Bethlehem Steel Corporation Liquidating Trust to Motion for an Order Compelling Arbitration and Staying the Within Adversary Proceeding Pending Arbitration filed by Ian J. Gazes on behalf of Bethlehem Steel Corporation. |
| D.6 | 6/30/2008 | 32 | Letter to Chambers filed by Ian J. Gazes on behalf of Bethlehem Steel Corporation |
| D.7 | 7/15/2008 | 34 | Written Opinion |
| D.8 | 7/15/2008 | 39 | Order Signed on 7/15/2008 Denying Motion to Compel Arbitration. |
| D.9 | 7/22/2008 | 41 | Notice of Appeal from Order Entered on July 15, 2008 Denying Motion to Compel Arbitration and for Stay |

The transcript of oral argument has been ordered and once docketed will be designated.

## ISSUES ON APPEAL

The issues to be presented on appeal are:

1. Did the Bankruptcy Court err in denying Appellant's motion to compel arbitration pursuant to 9 U.S.C. § 1 and also in denying a stay pursuant to 9 U.S.C. § 3?

-3-

2.	Did the Bankruptcy Court err in failing to rule that collateral claims under a broad arbitration agreement are arbitrable?

3.	Did the Bankruptcy Court err in holding that the Debtor was not a party to the arbitration clause in the underlying contract?

4.	Did the Bankruptcy Court err in holding that it had a discretion based on a finding of a "severe conflict" with the Bankruptcy Code to deny arbitration?

5.	Did the Bankruptcy Court abuse its purported discretion to deny arbitration?

Dated: New York, New York
       August 1, 2008

                          Respectfully submitted,

                          BLANK ROME LLP
                          Attorneys for Defendant Appellant

                          By: /s/ Jeremy J.O. Harwood
                          Jeremy J.O. Harwood (JH-9012)
                          A Member of the Firm
                          405 Lexington Avenue
                          New York, New York 10174
                          (212) 885-5000